# EXHIBIT A

FILED DATE: 2/6/2026 9:57 AM   2026L001459

FILED
2/6/2026 9:57 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2026L001459
Calendar, Y
36541464

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

VILLAGE OF DOLTON )
)
Plaintiff, )
vs. )
)
FIFTH THIRD BANK, NATIONAL ASSOCIATION, )
)
Defendant. )

2026L001459

Case No. _____

Jury Demanded

## COMPLAINT AT LAW

NOW COMES Plaintiff, VILLAGE OF DOLTON, by and through his attorneys, POWER ROGERS, LLP, hereby complaining of Defendant, FIFTH THIRD BANK, NATIONAL ASSOCIATION and in support of said Complaint, Plaintiff pleading hypothetically and, in the alternative, states as follows:

### FACTS COMMON TO ALL COUNTS

1.     The Village of Dolton is a municipality located in County of Cook, State of Illinois.

2.     The Village of Dolton is an Illinois unit of local government organized and operating pursuant to the Illinois Municipal Code.

3.     On and after May 10, 2021, Tiffany Henyard was an employee of the Village of Dolton and acted as the Mayor of the Village of Dolton.

4.     On and after May 2021, the Village of Dolton had an obligation to designate one or more banks or savings and loan associations to keep the funds and money of the Village of Dolton.

5.     On and after May 2021, Fifth Third Bank was a corporation doing business under the laws of Illinois.

For updated information about your case, including hearings, subsequent filings and other case information, please visit our Online Case Search and search for your case: https://casesearch.cookcountyclerkofcourt.org

1

FILED DATE: 2/6/2026 9:57 AM 2026L001459

6.     On and after May 2021, Fifth Third Bank was located at 475 East 162nd Street, County of Cook, State of Illinois.

7.     On and after May 2021, the Village of Dolton maintained bank accounts with Fifth Third Bank, including accounts numbered:

    a.   1660042531
    b.   1660002232
    c.   1660048487
    d.   1660049215
    e.   1660056879
    f.   1660061487
    g.   1660085231
    h.   1660086597
    i.   3700014796
    j.   4940001813

8.     On and after May 2021, all bank accounts maintained by the Village of Dolton with Fifth Third Bank were performed on behalf of the Village of Dolton.

9.     On and after May 2021, all bank accounts maintained by the Village of Dolton with Fifth Third Bank was a matter of public record for the benefit of the citizens of the Village of Dolton.

10.     On May 10, 2021, Fifth Third Bank was notified that Mayor Tiffany Henyard and Village Clerk Alison Key were to be added to City of Dolton accounts including:

    a.   1660042531
    b.   1660002232
    c.   1660048487
    d.   1660049215
    e.   1660056879
    f.   1660061487
    g.   1660085231
    h.   1660086597
    i.   3700014796
    j.   4940001813

FILED DATE: 2/6/2026 9:57 AM 2026L001459

11.     On May 12, 2021, the Village Board of the Village of Dolton adopted a resolution amending the authorized signatories for the checking and depository accounts of the Village of Dolton.

12.     The aforementioned resolution added Mayor Tiffany Henyard and Village Clerk Alison Key as authorized signatories for all accounts for the Village of Dolton and removed from all accounts any prior authorized signatories.

13.     On and after May 12, 2021, the aforementioned resolution required that each check drawn from the Village of Dolton bank accounts be authorized and signed by both Mayor Tiffany Henyard and Village Clerk Alison Key.

14.     On and after May 12, 2021, the Village of Dolton provided the aforementioned resolution to Fifth Third Bank requiring that each check paid from the bank accounts maintained by the Village of Dolton with Fifth Third Bank be authorized and signed by both Mayor Tiffany Henyard and Village Clerk Alison Key.

15.     On and after May 12, 2021, the Village of Dolton relied upon and trusted that Fifth Third Bank would identify any fraud, misstatement, or theft from the Village of Dolton's funds.

***Nullum Tempus Doctrine exists in the State of Illinois***

16.     At all relevant times, the *Nullum Tempus* Doctrine existed in the State of Illinois.

17.     On and after May 2021, the *Nullum Tempus* Doctrine precluded the application of the statute of limitations and statute of repose to actions brought on behalf of government bodies.

18.     On and after May 2021, Illinois has adopted and adheres to the aforesaid Doctrine which emerges from the latin phrase "*nullum tempus occurrit regi*" or the "time does not run against the king".

FILED DATE: 2/6/2026 9:57 AM    2026L001459

19.     On and after May 2021, the *Nullum Tempus* Doctrine applies whenever the service at issue provided is part of the essential powers of government when the government entity is required to perform.

20.     On and after May 2021, the financial services provided by Fifth Third Bank to the Village of Dolton were performed for the general public.

21.     On and after May 2021, no statute of limitations or statute of repose written by the Illinois legislature applied to any action arising from the use the public accounts identified, referenced or incorporated by municipalities.

22.     On and after May 2021, the maintenance of bank accounts on behalf of the Village of Dolton by Fifth Third Bank was an obligation that the City of Dolton was obliged to undertake.

23.     On and after May 2021, the maintenance of bank accounts on behalf of the Village of Dolton by Fifth Third Bank pertained to the Village of Dolton's essential powers of government.

24.     On and after May 2021, and as a direct result of Tiffany Henyard stealing and/or misappropriating over $1.8 million dollars, the Village of Dolton has incurred significant damages including:

        a. Loss or inappropriate expenditure of taxpayer dollars in excess of $1,893,422.05;
        b. Incurring interest payments on multiple debts issued by the City of Dolton as a necessity of the theft of or misappropriation by Tiffany Henyard;
        c. Loss of investment.

25.     On and after May 2021, and as a direct result of Tiffany Henyard stealing and/or misappropriation of public funds, public funds were involved.

26.     The instant lawsuit is being brought to recover sums fraudulently extracted from the Village of Dolton to benefit the public by use of Fifth Third Bank accounts.

27.     At all relevant times, the Doctrine of *Nullum Tempus* applies to any cause of action brought by the Village of Dolton against Fifth Third Bank.

4

FILED DATE: 2/6/2026 9:57 AM    2026L001459

***Theft of Tiffany Henyard***

28.     Beginning in April 2022, Tiffany Henyard began her theft and/or misappropriation of public funds from the Village of Dolton.

29.     From at least April 2022, if not earlier, until May 2023, Tiffany Henyard misappropriated funds from the Village of Dolton by signing payments to vendors with checks from the bank accounts held by the Village of Dolton at Fifth Third Bank without the requisite cosignatory of Village Clerk Alison Key.

30.     From April 1, 2022, through April 30, 2022, Tiffany Henyard stole and/or misappropriated funds from the Village of Dolton by signing the following checks from accounts at Fifth Third Bank without a cosignatory of Village Clerk Alison Key in violation of the aforementioned Resolution passed by the Village of Dolton and in violation of reasonable commercial banking standards:

| Date | Check | Amount |
|------|-------|--------|
| 4/8/22 | 82734 | $4,583.33 |
| 4/11/22 | 82730 | $33,328 |
| 4/11/22 | 82732 | $89.80 |
| 4/12/22 | 82751 | $5,305.48 |
| 4/12/22 | 82688 | $500.00 |
| 4/8/22 | 82680 | $10,708.66 |
| 4/11/22 | 82713 | $20,450.00 |
| 4/11/22 | 82735 | $287.41 |
| 4/11/22 | 82705 | $907.00 |
| 4/12/22 | 82702 | $625.00 |
| 4/11/22 | 82763 | $20,380.07 |
| 4/8/22 | 82699 | $47,916.67 |
| 4/11/22 | 82789 | $2,177.00 |
| 4/11/22 | 82766 | $1,250.00 |

31.     From July 1, 2022, through July 31, 2022, Tiffany Henyard stole or misappropriated funds from the Village of Dolton by signing the following checks from accounts

5

FILED DATE: 2/6/2026 9:57 AM    2026L001459

at Fifth Third Bank without a cosignatory of Village Clerk Alison Key in violation of the aforementioned Resolution passed by the Village of Dolton and in violation of reasonable commercial banking standards:

| Date | Check | Amount |
|------|-------|--------|
| 7/8/22 | 82931 | $775.00 |
| 7/5/22 | 82958 | $807.45 |
| 7/5/22 | 82970 | $98.00 |
| 7/13/22 | 82973 | $100.00 |
| 7/8/22 | 83038 | $500.00 |
| 7/8/22 | 83058 | $5,000.00 |
| 7/20/22 | 83068 | $5,000.00 |
| 7/27/22 | 83069 | $1,500.00 |
| 7/13/22 | 83071 | $5,625.00 |
| 7/18/22 | 83072 | $600.00 |
| 7/20/22 | 83073 | $245.80 |
| 7/18/22 | 83074 | $671.40 |
| 7/6/22 | 83075 | $8,230.00 |
| 7/15/22 | 83077 | $260.00 |
| 7/18/22 | 83078 | $8,527.47 |
| 7/6/22 | 83081 | $250.00 |

32.     From September 1, 2022, through September 30, 2022, Tiffany Henyard stole or misappropriated funds from the Village of Dolton by signing the following checks from accounts at Fifth Third Bank without a cosignatory of Village Clerk Alison Key in violation of the aforementioned Resolution passed by the Village of Dolton and in violation of reasonable commercial banking standards:

| Date | Check | Amount |
|------|-------|--------|
| 9/7/22 | 83010 | $1,003.90 |
| 9/14/22 | 83137 | $244.54 |
| 9/9/22 | 83196 | $679.28 |
| 9/6/22 | 83218 | $23,865.00 |
| 9/6/22 | 83227 | $1,167.00 |
| 9/2/22 | 83232 | $3,310.88 |
| 9/6/22 | 83233 | $1,545.82 |
| 9/7/22 | 83236 | $1,842.00 |

FILED DATE: 2/6/2026 9:57 AM  2026L001459

| | | |
|---|---|---|
| 9/9/22 | 83237 | $11,200.00 |
| 9/13/22 | 83245 | $2,730.00 |
| 9/8/22 | 83269 | $5,825.00 |
| 9/7/22 | 83270 | $1,032.00 |
| 9/1/22 | 83274 | $750.00 |
| 9/12/22 | 83276 | $23,112.00 |
| 9/7/22 | 83281 | $396.00 |
| 9/13/22 | 83286 | $5,000.00 |
| 9/12/22 | 83302 | $20,000.00 |
| 9/7/22 | 83324 | $2,850.00 |
| 9/9/22 | 83333 | $700.00 |
| 9/7/22 | 83347 | $2,148.25 |
| 9/27/22 | 83358 | $31,438.08 |
| 9/8/11 | 83385 | $10,125.00 |
| 9/8/22 | 83387 | $4,150.00 |
| 9/12/22 | 83389 | $210.00 |
| 9/13/22 | 83390 | $260.00 |
| 9/13/22 | 83391 | $500.00 |
| 9/14/22 | 83392 | $375.00 |
| 9/21/22 | 83393 | $750.00 |
| 9/13/22 | 83394 | $180.00 |
| 9/13/22 | 83396 | $213.56 |
| 9/8/22 | 83397 | $1,000.00 |
| 9/14/22 | 83398 | $68,324.13 |
| 9/13/22 | 83399 | $1,663.90 |
| 9/14/22 | 83401 | $150.35 |
| 9/13/22 | 83402 | $5,834.51 |
| 9/15/22 | 83403 | $2,872.04 |
| 9/13/22 | 83404 | $40,729.79 |
| 9/19/22 | 83405 | $199,149.20 |
| 9/9/22 | 83406 | $3,556.58 |
| 9/7/22 | 83407 | $11,137.01 |
| 9/19/22 | 83408 | $4,425.89 |
| 9/13/22 | 83410 | $480.00 |
| 9/28/22 | 83411 | $3,846.00 |
| 9/13/22 | 83412 | $16,000.00 |
| 9/8/22 | 83413 | $500.00 |
| 9/14/22 | 83414 | $175,000.00 |
| 9/19/22 | 83415 | $723.01 |
| 9/13/22 | 83417 | $1,930.69 |

FILED DATE: 2/6/2026 9:57 AM    2026L001459

| | | |
|---|---|---|
| 9/12/22 | 83418 | $1,445.00 |
| 9/14/22 | 83419 | $316.51 |
| 9/22/22 | 83420 | $260.00 |
| 9/14/22 | 83421 | $369.70 |
| 9/13/22 | 83422 | $1,969.08 |
| 9/15/22 | 83423 | $120.00 |
| 9/21/22 | 83424 | $3,030.00 |
| 9/12/22 | 83425 | $350.00 |
| 9/20/22 | 83427 | $1,691.39 |
| 9/14/22 | 83428 | $30,613.47 |
| 9/14/22 | 83429 | $1,766.40 |
| 9/14/22 | 83430 | $2,200.00 |
| 9/23/22 | 83431 | $3,527.50 |
| 9/21/22 | 83432 | $11,200.00 |
| 9/13/22 | 83433 | $7,480.45 |
| 9/8/22 | 83435 | $1,000.00 |
| 9/7/22 | 83436 | $47,916.67 |
| 9/16/22 | 83438 | $1,000.00 |
| 9/20/22 | 83439 | $1,224.23 |
| 9/7/22 | 83441 | $1,000.00 |
| 9/26/22 | 83442 | $1,485.00 |
| 9/12/22 | 83444 | $3,847.94 |
| 9/12/22 | 83445 | $275.00 |
| 9/14/22 | 83446 | $5,300.69 |
| 9/12/22 | 83447 | $696.00 |
| 9/9/22 | 83448 | $4,550.00 |
| 9/12/22 | 83449 | $5,000.00 |
| 9/14/22 | 83450 | $122.30 |
| 9/9/22 | 83451 | $500.00 |
| 9/15/22 | 83452 | $1,061.37 |
| 9/8/22 | 83453 | $18,440.00 |
| 9/19/22 | 83454 | $12,339.99 |
| 9/13/22 | 83455 | $91,143.39 |
| 9/14/22 | 83456 | $2,467.15 |
| 9/16/22 | 83457 | $17,000.00 |
| 9/14/22 | 83458 | $700.00 |
| 9/13/22 | 83459 | $361.70 |
| 9/15/22 | 83460 | $1,000.00 |
| 9/13/22 | 83461 | $6,711.97 |
| 9/19/22 | 83462 | $1,000.00 |

FILED DATE: 2/6/2026 9:57 AM  2026L001459

| | | |
|---|---|---|
| 9/13/22 | 83463 | $527.00 |
| 9/14/22 | 83464 | $160.00 |
| 9/19/22 | 83465 | $8,486.14 |
| 9/12/22 | 83466 | $152,735.40 |
| 9/12/22 | 83467 | $1,000.00 |
| 9/13/22 | 83470 | $240.00 |
| 9/12/22 | 83471 | $16,254.00 |
| 9/8/22 | 83472 | $1,000.00 |
| 9/15/22 | 83475 | $2,354.64 |
| 9/13/22 | 83476 | $38.25 |
| 9/16/22 | 83477 | $20,926.87 |
| 9/8/22 | 83478 | $1,000.00 |
| 9/8/22 | 83479 | $500.00 |
| 9/9/22 | 83480 | $1,000.00 |
| 9/15/22 | 83481 | $500.00 |
| 9/8/22 | 83482 | $33,388.75 |
| 9/7/22 | 83483 | $2,600.00 |
| 9/7/22 | 83486 | $2,898.00 |
| 9/12/22 | 83487 | $577.00 |
| 9/9/22 | 83488 | $40,000.00 |
| 9/15/22 | 83489 | $10,000.00 |
| 9/12/22 | 83490 | $3,180.35 |
| 9/13/22 | 83491 | $50.00 |
| 9/14/22 | 83492 | $2,835.00 |
| 9/27/22 | 83493 | $50.00 |
| 9/19/22 | 83494 | $5,000.00 |
| 9/8/22 | 83495 | $500.00 |
| 9/14/22 | 83498 | $46,120.22 |
| 9/12/22 | 83499 | $2,000.00 |
| 9/8/22 | 83500 | $500.00 |
| 9/16/22 | 83501 | $500.00 |
| 9/12/22 | 83502 | $3,050.00 |
| 9/13/22 | 83503 | $2,672.84 |
| 9/7/22 | 83504 | $42,800.00 |
| 9/14/22 | 83505 | $830.69 |
| 9/14/22 | 83507 | $11,482.27 |
| 9/12/22 | 83508 | $12,807.84 |
| 9/12/22 | 83509 | $130.00 |
| 9/16/22 | 83510 | $12,519.25 |
| 9/12/22 | 83511 | $575.37 |

FILED DATE: 2/6/2026 9:57 AM  2026L001459

| | | |
|---|---|---|
| 9/8/22 | 83512 | $1,000.00 |
| 9/14/22 | 83514 | $899.79 |
| 9/15/22 | 83515 | $4,750.79 |
| 9/16/22 | 83516 | $400.00 |
| 9/13/22 | 83517 | $9,306.49 |
| 9/13/22 | 83518 | $2,448.67 |
| 9/13/22 | 83519 | $848.24 |
| 9/12/22 | 83520 | $210.00 |
| 9/16/22 | 83521 | $1,000.00 |
| 9/19/22 | 83522 | $1,000.00 |
| 9/15/22 | 83524 | $3,027.50 |
| 9/14/22 | 83525 | $3,750.96 |
| 9/19/22 | 83526 | $4,435.00 |
| 9/12/22 | 83527 | $166.19 |
| 9/14/22 | 83528 | $9,991.99 |
| 9/9/22 | 83529 | $12,215.00 |
| 9/7/22 | 83530 | $4,185.10 |
| 9/15/22 | 83532 | $298.50 |
| 9/14/22 | 83533 | $606.68 |
| 9/12/22 | 83534 | $1,000.00 |
| 9/9/22 | 83535 | $9,400.00 |
| 9/7/22 | 83536 | $1,000.00 |
| 9/13/22 | 83537 | $400.00 |
| 9/14/22 | 83538 | $20.00 |
| 9/12/22 | 83539 | $43,041.80 |
| 9/16/22 | 83541 | $810.50 |
| 9/7/22 | 83542 | $110.00 |
| 9/13/22 | 83543 | $162.95 |
| 9/14/22 | 83545 | $116.25 |
| 9/13/22 | 83546 | $1,968.30 |
| 9/15/22 | 83547 | $6,447.72 |
| 9/13/22 | 83549 | $425.84 |
| 9/21/22 | 83550 | $750.78 |
| 9/12/22 | 83551 | $694.18 |
| 9/13/22 | 83552 | $939.24 |
| 9/14/22 | 83553 | $152.95 |
| 9/27/22 | 83554 | $1,884.80 |
| 9/13/22 | 83555 | $6,196.66 |
| 9/14/22 | 83556 | $129.26 |
| 9/20/22 | 83557 | $227.84 |

FILED DATE: 2/6/2026 9:57 AM   2026L001459

| | | |
|---|---|---|
| 9/13/22 | 83558 | $6,286.41 |
| 9/14/22 | 83560 | $1,807.38 |
| 9/15/22 | 83561 | $5,571.12 |
| 9/12/22 | 83562 | $500.00 |
| 9/8/22 | 83563 | $1,428.00 |
| 9/13/22 | 83564 | $2,259.08 |
| 9/13/22 | 83565 | $2,729.40 |
| 9/19/22 | 83566 | $1,007.77 |
| 9/7/22 | 83567 | $102.07 |
| 9/8/22 | 83569 | $1,000.00 |
| 9/12/22 | 83570 | $5,000.00 |
| 9/12/22 | 83571 | $2,000.00 |
| 9/12/22 | 83572 | $5,000.00 |
| 9/9/22 | 83574 | $5,887.50 |
| 9/9/22 | 83575 | $5,887.50 |
| 9/15/22 | 83576 | $750.00 |
| 9/15/22 | 83577 | $2,400.00 |
| 9/15/22 | 83578 | $2,175.00 |
| 9/15/22 | 83579 | $2,275.00 |
| 9/15/22 | 83592 | $1,500.00 |
| 9/15/22 | 83593 | $825.00 |
| 9/15/22 | 83594 | $875.00 |
| 9/16/22 | 83595 | $1,950.00 |
| 9/16/22 | 83596 | $5,000.00 |
| 9/16/22 | 83597 | $5,000.00 |
| 9/16/22 | 83598 | $1,957.08 |
| 9/19/22 | 83600 | $513.50 |
| 9/23/22 | 83601 | $600.00 |
| 9/23/22 | 83602 | $600.00 |
| 9/23/22 | 83603 | $600.00 |
| 9/26/22 | 83604 | $1,440.00 |
| 9/26/22 | 83605 | $1,540.00 |
| 9/23/22 | 83607 | $4,700.00 |
| 9/23/22 | 83608 | $3,000.00 |
| 9/29/22 | 83609 | $3,000.00 |
| 9/29/22 | 83610 | $3,000.00 |

33.     From October 1, 2022, through October 31, 2022, Tiffany Henyard stole or misappropriated funds from the Village of Dolton by signing the following checks from accounts

11

FILED DATE: 2/6/2026 9:57 AM   2026L001459

at Fifth Third Bank without a cosignatory of Village Clerk Alison Key in violation of the aforementioned Resolution passed by the Village of Dolton and in violation of reasonable commercial banking standards:

| Date | Check | Amount |
|------|-------|--------|
| 10/12/22 | 10569 | $370.85 |
| 10/12/22 | 10570 | $384.70 |
| 10/14/22 | 10571 | $370.85 |
| 10/12/22 | 10572 | $368.85 |
| 10/24/22 | 10573 | $370.85 |
| 10/12/22 | 10574 | $894.55 |

34.     From November 1, 2022, through November 30, 2022, Tiffany Henyard stole or misappropriated funds from the Village of Dolton by signing the following checks from accounts at Fifth Third Bank without a cosignatory of Village Clerk Alison Key in violation of the aforementioned Resolution passed by the Village of Dolton and in violation of reasonable commercial banking standards:

| Date | Check | Amount |
|------|-------|--------|
| 11/2/22 | 83037 | $5,933.00 |
| 11/9/22 | 83395 | $335.00 |
| 11/8/22 | 83440 | $30,432.00 |
| 11/10/22 | 83513 | $30.00 |
| 11/15/22 | 83540 | $1,000.00 |
| 11/16/22 | 83568 | $1,000.00 |

35.     From January 1, 2023, through January 31, 2023, Tiffany Henyard stole or misappropriated funds from the Village of Dolton by signing the following checks from accounts at Fifth Third Bank without a cosignatory of Village Clerk Alison Key in violation of the aforementioned Resolution passed by the Village of Dolton and in violation of reasonable commercial banking standards:

| Date | Check | Amount |
|------|-------|--------|

FILED DATE: 2/6/2026 9:57 AM    2026L001459

| 1/12/23 | 82944 | $1,018.73 |
| 1/12/23 | 83226 | $355.51 |
| 1/12/23 | 83400 | $167.65 |

36.     From February 1, 2023, through February 28, 2023, Tiffany Henyard stole or misappropriated funds from the Village of Dolton by signing the following checks from accounts at Fifth Third Bank without a cosignatory of Village Clerk Alison Key in violation of the aforementioned Resolution passed by the Village of Dolton and in violation of reasonable commercial banking standards:

| Date | Check | Amount |
|------|-------|--------|
| 2/16/23 | 83559 | $3,575.00 |

37.     From May 1, 2023, May July 31, 2023, Tiffany Henyard stole or misappropriated funds from the Village of Dolton by signing the following checks from accounts at Fifth Third Bank without a cosignatory of Village Clerk Alison Key in violation of the aforementioned Resolution passed by the Village of Dolton and in violation of reasonable commercial banking standards:

| Date | Check | Amount |
|------|-------|--------|
| 5/8/23 | 83468 | $2,330.00 |

38.     On and after May 2021, Tiffany Henyard signed over 251 checks without the requisite cosignatory from accounts held by the Village of Dolton with Fifth Third Bank and Fifth Third Bank proceeded to pay every one of these aforementioned checks.

39.     On and after May 2021, Fifth Third Bank acted in bad faith because it had actual knowledge that Tiffany Henyard was violating her fiduciary duties in stealing and/or misappropriating public funds from the Village of Dolton accounts at Fifth Third Bank, but deliberately refrained from investigating or reporting her activities to avoid knowing more about her breach of fiduciary duty.

FILED DATE: 2/6/2026 9:57 AM    2026L001459

40.    On and after May 2021, Fifth Third Bank acted in bad faith because it had actual knowledge that Tiffany Henyard was authorizing checks without the requisite cosignatory in violation of the Resolution passed by the Village of Dolton requiring that every check be authorized by Mayor Tiffany Henyard and Village Clerk Alison Key.

41.    On and after May 2021, Fifth Third Bank acted in bad faith because it knowingly and intentionally paid checks on behalf of the Village of Dolton that it knew should not have been paid.

42.    On and after May 2021, employees of Fifth Third Bank were commercially unjustified in paying and/or permitting Tiffany Henyard to authorize checks from the Village of Dolton accounts with Fifth Third Bank in violation of the Resolution passed by the Village of Dolton and in violation of reasonable commercial banking standards.

43.    At all times relevant, it was commercially unjustifiable for Fifth Third Bank to:

   a. Allow Tiffany Henyard to repeatedly violate her fiduciary duties in stealing and/or misappropriating public funds from the Village of Dolton accounts at Fifth Third Bank without further inquiring into or learning about readily available facts;
   b. Allow Tiffany Henyard to steal and/or misappropriate public funds that it knew violated the Resolution passed by the Village of Dolton requiring that every check be authorized by Mayor Tiffany Henyard and Village Clerk Alison Key;
   c. Pay checks authorized only by Tiffany Henyard to vendors in violation of reasonable commercial banking standards and the internal practices and policies of Fifth Third Bank;
   d. On and after May 2021, fail to investigate and/or notify the Village of Dolton of facts readily available to Fifth Third Bank concerning Tiffany Henyard's theft and/or misappropriation of public funds from the Village of Dolton accounts with Fifth Third Bank.

FILED DATE: 2/6/2026 9:57 AM    2026L001459

## COUNT I
### Breach of Contract

44.    Plaintiff realleges and incorporates by reference paragraphs 1 through 42 as though fully stated herein.

45.    On and after May 2021, Fifth Third Bank entered into a contractual relationship with the Village of Dolton based upon multiple accounts which it held of the Village of Dolton funds.

46.    On and after May 2021, the signature cards and deposit agreements created a binding contract between Fifth Third Bank and the Village of Dolton for each of the Village of Dolton accounts.

47.    Pursuant to *Mutual Services Casualty Insurance Company v. Elizabeth State Bank*, 265 F. 3d 601 (7th Cir. 2011) on and after May 2021, Fifth Third Bank owed contractual and expressed and implied duties of ordinary care to the Village of Dolton based upon the contracts that Fifth Third Bank had with the Village of Dolton.

48.    On and after May 2021, Fifth Third Bank owed an implied duty of care arising out of these written contracts which included but were not limited to:

   a.  Fifth Third Bank were required to follow reasonable commercial banking standards in dealing with the Village of Dolton;
   b.  To follow the defendant's own internal policies and procedures of the bank;
   c.  To follow the Village of Dolton's resolution requiring that each check paid from the bank accounts maintained by the Village of Dolton with Fifth Third Bank be authorized by both Mayor Tiffany Henyard and Village Clerk Alison Key;
   d.  Only charge a client's account in this case the Village of Dolton when the charge is properly payable;
   e.  Only charge a client's account in this case the Village of Dolton when the checks be authorized with two signatures.

15

FILED DATE: 2/6/2026 9:57 AM   2026L001459

49.     On and after May 2021, and at the time the City of Dolton first deposited money in Fifth Third Bank, title to the money passed to the bank and the bank became a debtor to the City of Dolton who became a creditor.

50.     On and after May 2021, Fifth Third Bank owed the Village of Dolton as its depositor and pursuant to contract various implied duties including:

      a.  the obligation to see that all checks were authorized by authorized individuals and by the required number of authorized signatures.

      b.  that it informed the Village of Dolton of all checks that were not properly authorized or that were missing the required number of authorized signatures.

51.     On and after May 2021, incorporated into the aforementioned contract between Fifth Third Bank and the Village of Dolton is the duty to use ordinary care in disbursing the depositor's funds.

52.      On and after May 2021, and pursuant to the aforesaid duty of care, Fifth Third Bank owed an obligation to see that checks which were not properly authorized would not be drawn from the Village of Dolton accounts.

53.     On and after May 2021, the commercial banking standards required that checks validly drawn from the accounts be authorized with two signatures.

54.     On and after May 2021, in furtherance of her theft from the Village of Dolton, Tiffany Henyard signed checks from the Village of Dolton bank accounts without the necessary cosignatory of Village Clerk Alison Key.

55.     On and after May 2021, at no time did Tiffany Henyard have the authority or approval to sign checks from the Village of Dolton bank accounts without the cosignatory of Village Clerk Alison Key.

56.     As such, all checks authorized by Tiffany Henyard, but without a cosignatory and drawn from the Village of Dolton accounts violated reasonable commercial banking standards.

16

FILED DATE: 2/6/2026 9:57 AM    2026L001459

57.     On and after May 2021, Fifth Third Bank owed a duty of care to not charge the Village of Dolton accounts for checks with unauthorized or missing signatures.

58.     On and after May 2021, Fifth Third Bank breached its duty of care to the Village of Dolton by charging the Village of Dolton's account for checks which were not properly indorsed or missing a signature.

59.     On and after May 2021, reasonable commercial banking standards required that banks implement fraud detection procedures and computer software to identify fraud occurring in its client's accounts.

60.     On and after May 2021, Fifth Third Bank owed a duty and responsibility arising out of the contract with the Village of Dolton following all federal statutes with respect to monitoring of the Village's accounts.

61.     On and after May 2021, Fifth Third Bank owed a duty of care to the Village of Dolton to identify the large number of checks drawn from the Village of Dolton's bank accounts that were missing required signatures.

62.     On and after May 2021, Fifth Third Bank did not identify the large number of checks drawn from the Village of Dolton's bank accounts that were missing required signatures.

63.     On and after May 2021, Fifth Third Bank failed to identify and investigate Tiffany Henyard's theft from the Village of Dolton bank accounts with Fifth Third Bank.

64.     As a direct result of one or more of the aforementioned breaches of contract which includes and encompasses the implied duties and responsibilities arising from the written contract, the Village of Dolton has suffered economic loss including, but not limited to, the amount of each check charged to the Village of Dolton accounts; the interest cost incurred by the Village in issuing debt and the opportunity loss of the aforementioned funds.

17

WHEREFORE, Plaintiff, Village of Dolton, demands judgment against Defendant, FIFTH THIRD BANK, NATIONAL ASSOCIATION in an amount in excess of the jurisdictional amount.

FILED DATE: 2/6/2026 9:57 AM   2026L001459

FILED DATE: 2/6/2026 9:57 AM    2026L001459

## COUNT II
### Negligence

65.     Plaintiff realleges and incorporates by reference paragraphs 1 through 42 as though fully stated herein.

66.     On and after May 2021, the commercial banking standards required that checks validly drawn from the accounts be authorized with two signatures.

67.     On and after May 2021, in furtherance of her theft from the Village of Dolton, Tiffany Henyard signed checks from the Village of Dolton bank accounts without the necessary cosignatory of Village Clerk Alison Key.

68.     On and after May 2021, at no time did Tiffany Henyard have the authority or approval to sign checks from the Village of Dolton bank accounts without the cosignatory of Village Clerk Alison Key.

69.     As such, all checks authorized by Tiffany Henyard but without a cosignatory and drawn from the Village of Dolton accounts violated reasonable commercial banking standards.

70.     On and after May 2021, Fifth Third Bank owed a duty of care to not charge the Village of Dolton accounts for checks with unauthorized or missing signatures.

71.     On and after May 2021, Fifth Third Bank breached its duty of care to the Village of Dolton by charging the Village of Dolton's account for checks which were not properly indorsed or missing a signature.

72.     On and after May 2021, Fifth Third Bank breached its duty of care to the Village of Dolton by charging the Village of Dolton bank accounts for checks which were not properly indorsed or missing a signature.

FILED DATE: 2/6/2026 9:57 AM    2026L001459

73.     On and after May 2021, Fifth Third Bank was negligent in charging the Village of Dolton accounts through checks which were not which were not properly indorsed or missing a signature.

74.     On and after May 2021, reasonable commercial banking standards required that banks implement fraud detection procedures and computer software to identify fraud occurring in its client's accounts.

75.     On and after May 2021, Fifth Third Bank owed a duty of care to the Village of Dolton to identify the large number of checks drawn from the Village of Dolton's bank accounts that were missing required signatures.

76.     On and after May 2021, Fifth Third Bank did not identify the large number of checks drawn from the Village of Dolton's bank accounts that were missing required signatures.

77.     On and after May 2021, Fifth Third Bank failed to identify and investigate Tiffany Henyard's theft from the Village of Dolton bank accounts with Fifth Third Bank.

78.     On and after May 2021, Fifth Third Bank negligently allowed Tiffany Henyard to sign checks drawn from Village of Dolton bank accounts without the necessary cosignatory.

79.     As a direct result of one or more of the aforementioned negligent acts, the Village of Dolton has suffered economic loss including, but not limited to, the amount of each check charged to the Village of Dolton accounts; the interest cost incurred by the Village in issuing debt and the opportunity loss of the aforementioned funds.

WHEREFORE, Plaintiff, Village of Dolton, demands judgment against Defendant, FIFTH THIRD BANK, NATIONAL ASSOCIATION in an amount in excess of the jurisdictional amount.

FILED DATE: 2/6/2026 9:57 AM    2026L001459

## COUNT III
### Violation of Section 4-401

80.     Plaintiff realleges and incorporates by reference paragraphs 1 through 42 as though fully stated herein.

81.     On and after May 2021, the State of Illinois had adopted Section 4-401 of the Uniform Commercial Code entitled "When Bank May Charge Customer's Account" 810 ILCS 5/4-401.

82.     Section 4-401(a) of the Code as adopted provides that a bank may charge against a customer's account only those amounts that are "properly payable".

83.     Section 4-401(a) of the Code as adopted prohibits a bank from paying money from a customer's account that is not "properly payable".

84.     On and after May 2021, a check missing the required number of cosignatories is not "properly payable" pursuant to Section 4-401 of the Uniform Commercial Code.

85.     On and after May 2021, reasonable commercial banking standards required that the checks paid by banks be authorized by the correct number of authorized individuals if more than one authorized signature is required.

86.     On and after May 2021, a check is not properly payable and thus should not have been accepted by the Fifth Third Bank if not authorized by all the signatures that are required.

87.     On and after May 2021, the Village of Dolton was a customer of Fifth Third Bank where it held numerous accounts.

88.     On and after May 2021, Tiffany Henyard signed checks from the Village of Dolton's accounts with Fifth Third Bank without receiving a requisite cosignatory.

89.     On and after May 2021, Fifth Third Bank had actual knowledge that a resolution had been passed by the Village of Dolton requiring that each check paid from the bank accounts

FILED DATE: 2/6/2026 9:57 AM   2026L001459

maintained by the Village of Dolton with Fifth Third Bank be signed by both Mayor Tiffany Henyard and Village Clerk Alison Key.

90.     As such, all of the aforementioned checks signed by Tiffany Henyard which were not cosigned were in violation of Section 4-401 of the Code as adopted as they were not "properly payable".

WHEREFORE, Plaintiff, VILLAGE OF DOLTON, seeks damages from Defendant, FIFTH THIRD BANK, NATIONAL ASSOCIATION for each violation committed pursuant to Section 4-401 of the Illinois Uniform Commercial Code.

FILED DATE: 2/6/2026 9:57 AM    2026L001459

## COUNT IV
### Breach of Implied Contract – Money Had and Received

91.     Plaintiff realleges and incorporates by reference paragraphs 1 through 42 as though fully stated herein.

92.     On and after May 2021, the State of Illinois has recognized a claim of recovery *in assumpsit* commonly referred to as "money had and received".

93.     On and after May 2021, Fifth Third Bank and its predecessor banks owed a duty pursuant to the implied contract with the Village of Dolton, not to charge the Village of Dolton accounts on fraudulently written and signed checks presented to the Village's accounts by Tiffany Henyard.

94.     On and after May 2021, Fifth Third Bank owed a duty to pay and hold the Village's funds on behalf of the Village of Dolton.

95.     On and after May 2021, the Village deposited significant funds into the accounts of Fifth Third Bank.

96.     On and after May 2021, the aforementioned funds deposited into the Village of Dolton accounts at Fifth Third Bank were held in equity and good conscience belonged to the Village of Dolton.

97.     On and after May 2021, the money paid by the checks that Tiffany Henyard signed without a requisite cosignatory belonged to the Village of Dolton.

98.     On and after May 2021, Fifth Third Bank promised to pay the Village of Dolton the funds that the Village deposited in its accounts at Fifth Third Bank.

99.     On and after May 2021, Fifth Third Bank paid money for the amount of the checks for all of the aforementioned checks that Tiffany Henyard signed without a cosignatory.

FILED DATE: 2/6/2026 9:57 AM    2026L001459

100.    On and after May 2021, Fifth Third Bank breached the implied contract for "money had and received".

WHEREFORE, Plaintiff, Village of Dolton, demands judgment against Defendant, FIFTH THIRD BANK, NATIONAL ASSOCIATION for the entire amount of the checks charged to the Village of Dolton accounts, the interest received by the Village as a result of Tiffany Henayrd's theft and in excess of the jurisdictional amount.

## COUNT V
### Aiding and Abetting

101.    Plaintiff realleges and incorporates by reference paragraphs 1 through 42 as though fully stated herein.

102.    Fifth Third Bank aided Tiffany Henyard in her theft of Village of Dolton funds in a number of respects, including, but not limited to:

    a.  Failing to follow the Village of Dolton's resolution requiring that each check paid from the bank accounts maintained by the Village of Dolton with Fifth Third Bank be authorized by both Mayor Tiffany Henyard and Village Clerk Alison Key;

    b.  Allowing Tiffany Henyard to sign checks paid from the Village of Dolton bank accounts without the necessary cosignatory in violation of reasonable commercial banking standards.

    c.  Allowing Tiffany Henyard to sign checks paid from the Village of Dolton bank accounts when the bank knew she lacked the authority to sign checks without a cosignatory.

103.    Fifth Third Bank were regularly aware of its role in the overall activity of Tiffany Henyard  when it provided assistance to her from May 2021 until May 2023.

104.    As a direct and proximate result of Fifth Third Bank's conduct, the Village of Dolton has lost significant taxpayer dollars and has been required to incur debt at a cost to be determined at trial.

WHEREFORE, Plaintiff, Village of Dolton, demands judgment against Defendant, FIFTH THIRD BANK, NATIONAL ASSOCIATION for the entire amount of the checks charged to the

FILED DATE: 2/6/2026 9:57 AM   2026L001459

Village of Dolton accounts, the interest received by the Village as a result of Tiffany Henyard's

theft and in excess of the jurisdictional amount.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**


Respectfully submitted,

By: /s/ Devon C. Bruce
        Attorney for Plaintiff

Power Rogers, LLP
70 W. Madison, Suite #5500
Chicago, Illinois 60602
312-236-9381
dbruce@powerrogers.com

Law Division Motion Section Initial Case Management Dates for CALENDARS (A,B,C,D,E,P,H,R,X,Z) will be heard in person.
All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME?Zoom-Links?Agg4906_SelectTab/12
Court Date: 4/6/2026 9:00 AM

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

FILED
2/6/2026 9:57 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2026L001459
Calendar, Y
36541464

| | |
|---|---|
| VILLAGE OF DOLTON | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 2026L001459 |
| | ) |
| FIFTH THIRD BANK, NATIONAL ASSOCIATION | ) JURY DEMANDED |
| | ) |
| Defendant. | ) |

**AFFIDAVIT**

Affiant, Devon C. Bruce, being first duly sworn on oath, states:

1. That I am one of the attorneys for the Plaintiff, in the above-entitled cause of action.
2. That upon information and belief, the money damages in this cause of action will exceed fifty thousand dollars ($50,000.00).

FURTHER, Affiant sayeth not.

_____
Devon C. Bruce

SUBSCRIBED and SWORN to before me
This ___ day of February, 2026

_____
Notary Public

OFFICIAL SEAL
STACEY DALTON
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES: 11/23/2026

Law Division Motion Section Initial Case Management Dates for CALENDARS (A,B,C,D,E,H,R,X,Z) will be heard in person.
All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME?Zoom-Links?Agg4906_SelectTab/12
Court Date: 4/6/2026 9:00 AM

FILED
2/6/2026 9:57 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2026L001459
Calendar, Y
36541464

FILED DATE: 2/6/2026 9:57 AM    2026L001459

| | | |
|---|---|---|
| **2120 - Served** | **2121 - Served** | **2620 - Sec. of State** |
| **2220 - Not Served** | **2221 - Not Served** | **2621 - Alias Sec of State** |
| **2320 - Served By Mail** | **2321 - Served By Mail** | |
| **2420 - Served By Publication** | **2421 - Served By Publication** | |

**Summons - Alias Summons**        **(12/01/20) CCG 0001 A**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

VILLAGE OF DOLTON

Plaintiff(s)

v.

FIFTH THIRD BANK, NATIONAL
ASSOCIATION

Case No. **2026L001459**

Defendant(s)

Fifth Third Bank Legal Department
38 Fountain Square Plaza, Cincinnati, OH

45263      Address of Defendant(s)

Please serve as follows (check one): ○ Certified Mail ○ Sheriff Service ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE**. You will need: a computer with internet access; an email address; a completed Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

**Summons - Alias Summons** (12/01/20) CCG 0001 B

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver.  For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www. illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone.  The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE:  Your appearance date is NOT a court date.  It is the date that you have to file your completed appearance by.  You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer:  (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service.  If service cannot be made, this summons shall be returned so endorsed.  This summons may not be served later than thirty (30) days after its date.

○ Atty. No.: __65400__

○ Pro Se 99500

Name: __Devon C. Bruce__

Atty. for (if applicable):

__Plaintiff__

Address: __70 West Madison, #5500__

City: __Chicago__

State: __IL__  Zip: __60602__

Telephone: __312/236-9381__

Primary Email: __dbruce@powerrogers.com__

Witness date _____

__2/6/2026 9:57 AM Mariyana T. Spyropoulos__

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail _____

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**

**cookcountyclerkofcourt.org**

FILED DATE: 2/6/2026 9:57 AM   2026L001459

**GET YOUR COURT DATE BY CALLING IN OR BY EMAIL**

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:**  CivCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:**  CntyCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:**  DVCourtDate@cookcountycourt.com
Gen. Info:   (312) 325-9500

### LAW DIVISION
**Court date EMAIL:**  LawCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:**  ProbCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE
**Court date EMAIL:**  D2CourtDate@cookcountycourt.com
Gen. Info:   (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:**  D3CourtDate@cookcountycourt.com
Gen. Info:   (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:**  D4CourtDate@cookcountycourt.com
Gen. Info:   (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:**  D5CourtDate@cookcountycourt.com
Gen. Info:   (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:**  D6CourtDate@cookcountycourt.com
Gen. Info:   (708) 232-4551

FILED DATE: 2/6/2026 9:57 AM   2026L001459

District 1

# Case Summary

### Case No. 2026L001459

| | | | |
|---|---|---|---|
| **Village of Dolton -vs- Fifth Third Bank, National Association** | § | Location: | **District 1** |
| | § | Judicial Officer: | **Calendar, Y** |
| | § | Filed on: | **02/06/2026** |
| | § | Cook County Attorney Number: | **65400** |

---

## Case Information

| | |
|---|---|
| Case Type: | Other Commercial Litigation - Jury |
| Case Status: | **02/06/2026  Pending** |

---

## Assignment Information

**Current Case Assignment**

| | |
|---|---|
| Case Number | 2026L001459 |
| Court | District 1 |
| Date Assigned | 02/06/2026 |
| Judicial Officer | Calendar, Y |

---

## Party Information

|  |  | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **Village of Dolton** | **Bruce, Devon Campbell** *Retained* |
| **Defendant** | **Fifth Third Bank, National Association** | |

---

## Events and Orders of the Court

04/06/2026   **First Time Case Management**   (9:00 AM)   (Judicial Officer: Tully, John)
        Resource: Location L2004 Court Room 2004
        Resource: Location D1 Richard J Daley Center

02/06/2026   New Case Filing

02/06/2026   
Other Commercial Litigation Complaint Filed (Jury Demand)
        *Complaint at Law*
        Party:   Plaintiff Village of Dolton
        Party 2:   Attorney Bruce, Devon Campbell
        *Complaint at Law*

02/06/2026   
Affidavit Filed
        *Damages Affidavit*
        Party:   Plaintiff Village of Dolton
        Party 2:   Attorney Bruce, Devon Campbell
        *Damages Affidavit*

02/06/2026   
Summons Issued And Returnable
        *Summons for Fifth Third Bank*
        Party:   Plaintiff Village of Dolton
        Party 2:   Attorney Bruce, Devon Campbell
        *Summons for Fifth Third Bank*